UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALFREDO ROMERO, TDCJ #01054039, | § § § | |
| Plaintiff, | § § | |
| VS. | § | CIVIL ACTION NO. H-15-3017 |
| CLINT CARPENTER, | § § § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Plaintiff, a state inmate proceeding *pro se* and *in forma pauperis*, filed this action under 42 U.S.C. § 1983, alleging that the Windham School District has a policy that excludes all inmates with Immigration and Customs Enforcement ("ICE") detainers from attending educational and rehabilitative programs offered by Windham School District and no longer offers English as a second language. *See* Docket Entry No. 1. Plaintiff alleges further that this practice prejudices inmates with ICE detainers, such as Plaintiff, because it denies them the opportunity to obtain point deductions for completion of educational and rehabilitative programs in parole assessment. *See id.* at 4. Per the Court's request, Plaintiff has filed a More Definite Statement. *See* Docket Entry No. 11.

Defendant Clint Carpenter has filed a Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(1), contending that Plaintiff has failed to exhaust his available administrative remedies. *See* Docket Entry No. 16. The Court has considered the motion, pleadings, and arguments of the parties, and concludes that this case must be dismissed for the reasons that follow.

## I. LEGAL STANDARD

This case is governed by the Prisoner Litigation Reform Act ("PLRA"). Under the PLRA, codified as amended at 42 U.S.C. § 1997e, an inmate is required to exhaust administrative remedies for all "action[s] . . . brought with respect to prison conditions" before filing a civil rights suit in federal court under 42 U.S.C. § 1983 or "any other Federal law." 42 U.S.C. §§ 1997e(a)-(c). The Supreme Court has held repeatedly that § 1997e(a) requires exhaustion of *all* administrative procedures before an inmate can sue in federal court. *See Booth v. Churner,* 532 U.S. 731, 741 (2001); *see also Porter v. Nussle,* 534 U.S. 516, 532 (2002) (holding that the PLRA requires exhaustion of all claims concerning prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong). Exhaustion is mandatory. *See Booth*, 532 U.S. at 741. The PLRA's exhaustion requirement mandates "proper exhaustion," which demands compliance with all procedural rules. *See Woodford v. Ngo,* 548 U.S. 81, 92 (2006). As the Supreme Court has recognized, "Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter,* 534 U.S. at 524-25.

By requiring exhaustion of administrative remedies, Congress hoped that "corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation." *Id.* (citation omitted). In addition to filtering out potentially frivolous claims, Congress also believed that internal review would facilitate adjudication of cases ultimately brought to court by giving prison officials an opportunity to develop an administrative record that clarifies the contours of the controversy. *Id.*

(citations omitted). Consistent with Supreme Court precedent, the Fifth Circuit has also mandated that a prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).

## II.  DISCUSSION

In both Plaintiff's Complaint and his More Definite Statement, he admits that he has not exhausted state administrative remedies. *See* Docket Entry No. 1 at 3; Docket Entry No. 11 at 1-2. Plaintiff contends that he need not exhaust administrative remedies in his case because "an offender is not allowed to file a grievance against written policy that has been mandated for the departments to follow" and that "it would have been futile to file a grievance." Docket Entry No. 11 at 2.

As Defendant points out, Plaintiff cites no authority for his position that he would not be permitted to file a Step 1 and Step 2 grievance regarding the policy that he alleges is unconstitutional. Plaintiff does not dispute Defendant's assertion that he has failed to exhaust his state remedies. Nor does Plaintiff controvert Defendant's contention that he has no basis to assert that exhaustion would be futile. Indeed, the Supreme Court has held that exhaustion is mandatory and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter,* 534 U.S. at 532. Accordingly, this case must be dismissed for failure to exhaust remedies as required by the PLRA.

### III. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. Defendant's Motion to Dismiss (Docket Entry No. 16) is **GRANTED**.

2. Plaintiff's claims are **DISMISSED** without prejudice for failure to exhaust available administrative remedies.

3. All other pending motions, if any, are **DENIED as MOOT**.

The Clerk shall send a copy of this Order to all parties of record.

SIGNED at Houston, Texas, this 26th day of June, 2017.

                                        MELINDA HARMON
                                    UNITED STATES DISTRICT JUDGE